**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **BENJAMIN SMITH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LISA J. W. HOLLINGSWORTH, et al.** | : | **NO.  08-388** |


## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                        MAY 9, 2008
UNITED STATES MAGISTRATE JUDGE


Presently before the Court is a Petition for Writ of Habeas Corpus filed by Benjamin

Smith pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the Federal

Correctional Institution in Cumberland, Maryland ("FCI-Cumberland").  For the reasons which

follow, the habeas petition should be dismissed.


### PROCEDURAL HISTORY

On or about June 24, 1992, Smith was arrested and charged with Robbery, Theft,

Possession of an Instrument of Crime and related offenses, "relating to the assault and robbery of

[a victim] on June 15, 1992, in Philadelphia."  See Commonwealth v. Smith, No. 127 EDA 2005,

Mem. Op. at 1 (Pa. Super. filed May 31, 2006) (quoting Common Pleas Ct. Op. filed 6/15/05, at

1-4).  Also on or about June 24, 1992, Smith was charged with Robbery and Possession of an

Instrument of Crime relating to the robbery of a second victim in Philadelphia on June 24, 1992.

See Pa. Super. Ct. Op. filed 5/31/06, at 1-2.

On April 8, 1993, he entered negotiated guilty pleas to the offenses of Robbery, Felony of

the First degree, and Possession of an Instrument of Crime, Generally, for the crimes committed against these two victims.  Id. at 1-2.  On the same date, consistent with the terms of the negotiated pleas, petitioner was sentenced to a "total aggregate sentence imposed on all bills" of four to ten (4-10) years in a State Correctional Institution.  Id.  No post-verdict motions or direct appeals from the judgments of sentence were filed.  Id.; see Hab. Pet. ¶ 8 (acknowledging that he did not appeal from the judgments of conviction).

_____On or about May 11, 1998, while serving his state sentence, Smith was granted parole by the Pennsylvania Board of Probation and Parole ("Pennsylvania Parole Board").  See Pa. Super. Ct. Op. filed 5/31/06, at 2-3.  He was then recommitted on March 31, 2000, and on May 23, 2000 he was again paroled after "no recommitment action" was taken.  Id. at 3.

On September 7, 2001, Smith was arrested on federal charges, and he was "recommitted" on September 27, 2001 by the Pennsylvania Parole Board.  See Pa. Super. Ct. Op. filed 5/31/06, at 3.  This Court's criminal docket reflects that he was convicted in this Court as a felon in possession of a firearm in violation of 19 U.S.C. § 922(g)(1), and on April 22, 2003 Smith was sentenced by the Honorable Stewart Dalzell to 120 months in a federal correctional facility and two (2) years supervised release.[1]  See United States v. Smith, Crim. A. No. 02-308, Judgment (E.D. Pa. Apr. 22, 2003); see also United States v. Benjamin Smith, Crim. A. No. 02-308, Order (E.D. Pa. Nov. 1, 2007) (denying Smith's motion filed under 28 U.S.C. § 2255); Pa. Super. Ct. Op. filed 5/31/06, at 3.  He is serving his federal sentence, and upon his release from federal

---

1.  This judgment of sentence has since become final, and Smith's subsequent application for a certificate of appealability ("COA") from Judge Dalzell's denial of petitioner's Motion to Vacate, Set Aside, or Correct Sentence has been denied by the Court of Appeals for the Third Circuit.  See United States v. Smith, No. 07-4688, Order (3d Cir. Feb. 22, 2008) (denying COA).

2

incarceration, Smith will continue to serve his Pennsylvania sentence.  <u>Id.</u>

On January 9, 2004, Smith filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46.  <u>See</u> Pa. Super. Ct. Op. filed 5/31/06, at 4.  Following the appointment of counsel to represent him, on June 28, 2004 counsel filed a "no-merit" letter pursuant to <u>Commonwealth v. Turner</u>, 544 A.2d 927 (Pa. 1988), and <u>Commonwealth v. Finley</u>, 550 A.2d 213 (Pa. Super. 1988) (en banc).  <u>See</u> Pa. Super. Ct. Op. filed 5/31/06, at 4.  On July 1, 2004, the PCRA Court issued notice, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, of its intention to dismiss the petition without a hearing.  <u>Id.</u>  Smith, acting pro se, submitted objections to the PCRA Court's notice, and the PCRA Court subsequently issued an Order on August 2, 2004 directing appointed counsel to either file an amended petition addressing Smith's objections or a supplemental no-merit letter.  <u>Id.</u>  On September 13, 2004, counsel filed a supplemental no-merit letter.  <u>Id.</u>

Upon consideration of counsel's letter, relief was denied by the PCRA Court on November 22, 2004 on the basis that the PCRA petition was untimely, and counsel was granted leave to withdraw.  <u>Id.</u>  Petitioner appealed, and on May 31, 2006 the Superior Court of Pennsylvania "affirm[ed] the PCRA Court's dismissal of the petition as untimely."  <u>Id.</u> at 9.  The Supreme Court of Pennsylvania denied allowance of appeal on January 9, 2007.  <u>See</u> <u>Commonwealth v. Smith</u>, 903 A.2d 53 (Pa. Super. May 31, 2006) (table), <u>allocatur denied</u>, 927 A.2d 624 (Pa. Jan. 9, 2007) (table); <u>see also</u> Hab. Pet. (Doc. No. 1) ¶ 11(a)(7) (acknowledging that allocatur was denied on Jan. 9, 2007).

On January 24, 2008, the Clerk of Court received Smith's § 2254 petition.  <u>Id.</u> at 1. Smith's habeas petition alleges (1) a violation of his April 8, 1993 negotiated pleas in that "the

Commonwealth has extended the ten year maximum" on his sentence; and (2) that his

Pennsylvania convictions were obtained by a "plea of guilty not made voluntarily with

understanding of the charge and consequences of [the] plea."[2]  See Hab. Pet. ¶ 12(A)-(B); see

also Pa. Super. Ct. Op. filed 5/31/06, at 5.


### Discussion

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period

of limitation on applications for writs of habeas corpus by persons in custody pursuant to the

judgment of a state court.  See 28 U.S.C. § 2244(d)(1).  Pursuant to AEDPA, the limitation

---

2.  Since petitioner challenges the validity or execution of his Pennsylvania convictions and
aggregate sentence, see Hab. Pet. ¶ 12(A)-(B), his petition is properly brought under § 2254.  See
DeVaughn v. Dodrill, 145 Fed. Appx. 392, 394 (3d Cir. Aug. 23, 2005) ("[a] prisoner
challenging either the validity or execution of his state court sentence must rely on the more
specific provisions of § 2254 and may not proceed under § 2241"); see also 28 U.S.C. § 2254.
Furthermore, while it appears that petitioner is serving his federal sentence, he satisfies the "in
custody" requirement of the habeas statute in light of the state sentence which he must serve
following his release from federal confinement.  See Maleng v. Cook, 490 U.S. 488, 493 (1989)
(where § 2254 petitioner who challenged his state sentences would be returned to state
authorities to serve his state sentences at the conclusion of his federal sentence, he was "in
custody" under his state sentences despite the fact that he was still serving his federal sentence);
United States ex rel. Meadows v. New York, 426 F.2d 1176, 1179 (2d Cir. 1970) (federal
prisoner challenging a state conviction and sentence which was to be served consecutively to his
federal sentence was "in custody" under his state court conviction, and habeas petition was
properly filed in the district court within which the State court was held which convicted and
sentenced the petitioner), cert. denied, 401 U.S. 941 (1971); see also 28 U.S.C. § 2241(d); 28
U.S.C. foll. § 2254, Rule 1(a)(2) (providing that the rules governing § 2254 petitions apply to "a
person in custody under a state-court or federal-court judgment who seeks a determination that
future custody under a state-court judgment would violate the Constitution, laws, or treaties of
the United States").  Finally, the petition was properly filed in "in the district court for the district
within which the State court was held which convicted and sentenced him."  See 28 U.S.C. §
22441(d); see also Meadows, 426 F.2d at 1179.

period begins to run from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Thus, under § 2244, unless one of the statutory exceptions applies, see id. § 2244(d)(1)(B)-

(D), the one-year limitation period during which a habeas petition must be filed generally begins

to run upon completion of direct review of the judgment of the state courts, see id. §

2244(d)(1)(A).

Here, as petitioner acknowledges, he did not file a direct appeal.  See Hab. Pet. ¶ 8; see

also Pa. Super. Ct. Op. filed 5/31/06, at 2.  Therefore, the judgments of conviction became final

in this case on May 9, 1993, when the time for filing an appeal in the Superior Court of

Pennsylvania expired.[3]  In that petitioner's judgments of conviction became final prior to April

24, 1996, AEDPA's effective date, to the extent that none of the statutory exceptions provided in

§ 2244(d)(1) applies, see § 2244(d)(1)(B)-(D), Smith had one year after April 24, 1996, plus any

---

3. Smith was sentenced on April 8, 1993, see Pa. Super. Ct. Op. filed 5/31/06, at 2, and he had 30 days to file an appeal to the Superior Court, see Pa. R. Crim. P. 720(A)(3) (defendant's notice of appeal shall be filed "within 30 days of imposition of sentence."); see also Pa. R. App. P. 903(a) (appellant has 30 days to file a notice of appeal in the Superior Court).

time during which the period of limitation was tolled, to file a § 2254 petition.  See Carey v. Saffold, 536 U.S. 214, 217 (2002) (1-year limitation period runs from April 24, 1996, for any prisoner whose conviction became final prior to the effective date of AEDPA); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  In alleging that his guilty pleas were not voluntary, see Hab. Pet. ¶ 12(B), the statutory exceptions to the general rule do not apply to petitioner's second claim, and AEDPA's one-year period of limitation began running for that claim on April 24, 1996.  See Carey, 536 U.S. at 217; Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003); see also Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004) (finding that AEDPA's statute of limitations should be applied on a claim-by-claim basis), cert. denied, 543 U.S. 1067 (2005).

Smith did not file his habeas petition until, at the earliest, January 9, 2008,[4] **more than eleven (11) years and eight months** after the period of limitation began running on his second claim.  Thus, this claim was not timely filed.  See Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998); Burns, 134 F.3d at 111.

Petitioner's first claim alleges that his negotiated guilty plea agreement was violated when "the Commonwealth . . . extended the ten year maximum" on his sentence.  See Hab. Pet. ¶ 12(A).  Arguably, as the Superior Court pointed out, this claim is predicated on the alleged fact that at the time Smith pled guilty he was not made aware of the "collateral consequences to the

---

4.  In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.  Here, petitioner signed his habeas petition on Jan. 9, 2008.  See Hab. Pet. at 11.  Therefore, he could not have delivered the petition any earlier than that date.

entry of a guilty plea," such as the consequences of violating parole by the commission of a crime, see Pa. Super. Ct. Op. filed 5/31/06, at 8, and this "could have been discovered through the exercise of due diligence" at the time of his plea, see 28 U.S.C. § 2244(d)(1)(D).  See Pa. Super. Ct. Op. filed 5/31/06, at 8 ("we agree with the PCRA court that [Smith's] violation of the terms of his parole, and the re-sentencing imposed thereon, may not be considered as 'after-discovered' facts.").  Under this reasoning, Smith would not benefit from a later start date to AEDPA's period of limitation.  See § 2244(d)(1).

However, assuming that the factual predicate of his first claim "could [not] have been discovered through the exercise of due diligence" prior to April 24, 1996, AEDPA's one-year period on his first claim would have a later start.  See § 2244(d)(1)(D); see also Fielder, 379 F.3d at 118 (AEDPA's statute of limitations should be applied on a claim-by-claim basis); see, e.g., Slutzker v. Johnson, 393 F.3d 373, 382 (3d Cir. 2004) (where different start dates to AEDPA's period of limitation applied to the respective habeas claims).  Nevertheless, his habeas petition would still be time-barred.  Since the claims raised in Smith's § 2254 petition were raised in his PCRA petition, he was aware of his claims by the time he filed his PCRA petition on January 9, 2004, see Pa. Super. Ct. Op. filed 5/31/08, at 4-5.  As explained, his habeas petition was not filed until, at the earliest, January 9, 2008, see supra note 4, **four years** after he filed his PCRA petition.  Therefore, even giving Smith every benefit of the doubt, his habeas petition was filed well more than a year after "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence," see § 2244(d)(1)(D), and the petition is time-barred.

"The statute of limitations for federal habeas corpus petitions is subject to two tolling

exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With regard to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Smith's PCRA petition has no statutory tolling effect on the period of limitation because it was not "properly filed," see 28 U.S.C. § 2244(d)(2). In Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005), the Supreme Court held: "When a postconviction petition is untimely under state law **'that [is] the end of the matter'** for purposes of § 2244(d)(2)." Id. at 1812 (emphasis added). The Supreme Court further held that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is **not entitled to statutory tolling** under § 2244(d)(2)." Id. at 1814 (emphasis added); see also Merritt, 326 F.3d at 165 (holding that the Court was "***bound* by the state court's finding** that [the petitioner's] second PCRA petition was **untimely**") (emphasis added); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3d Cir. 2003) (observing that a PCRA petition which was found by the Pennsylvania courts as untimely filed may not be deemed "properly filed" within the meaning of § 2244(d)(2)), cert. denied, 539 U.S. 948 (2003).

Similarly, in this case, where petitioner's PCRA petition was found untimely under Pennsylvania law, see Pa. Super. Ct. Op. filed 5/31/06, at 9, "that [is] the end of the matter" for purposes of § 2244(d)(2), see Pace, 125 S. Ct. at 1812, and this Court is "**bound** by the state

8

court's finding," see Merritt, 326 F.3d at 166 (emphasis added).  Therefore, Smith's PCRA petition was not "properly filed" for purposes of § 2244(d)(2), and did **not** toll AEDPA's period of limitation.  See Pace, 125 S. Ct. at 1814; Merritt, 326 F.3d at 166; Brown, 322 F.3d at 775 n. 5.

Although the Supreme Court has not decided the issue of whether equitable tolling is available in determining the timeliness of a habeas petition,[5] the Court of Appeals for the Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances.  See Miller, 145 F.3d at 618.  In Merritt v. Blaine, the Court of Appeals reiterated "the two general requirements for equitable tolling: (1) that 'the petitioner has in some **extraordinary** way been **prevented** from asserting his or her rights;' **and** (2) that the petitioner has shown that 'he or she exercised **reasonable diligence** in investigating and bringing [the] claims.'"  Merritt, 326 F.3d at 168 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)) (emphases added); see Lawrence, 127 S. Ct. at 1085 (quoting Pace, 125 S. Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" **and** that "some extraordinary circumstance stood in his way") (emphasis added).  "The law is clear that courts must be **sparing** in their use of equitable tolling."  See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

Here, petitioner fails to allege circumstances which would warrant invoking the sparing

---

5. In Lawrence v. Florida, 127 S. Ct. 1079 (2007), the Supreme Court clarified: "We have **not** decided whether § 2244(d) allows for equitable tolling . . . Because the parties agree that equitable tolling is available, we assume **without deciding** that it is."  Id. at 1085 (citation omitted) (emphases added); see Pace, 125 S. Ct. at 1814 n.8 ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.").

doctrine of equitable tolling.  It is noted that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy, 240 F.3d at 244; see Lawrence, 127 S. Ct. at 1085 ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling").  Furthermore, lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling.  See Jones, 195 F.3d at 160 (finding that equitable tolling is not applicable to a time-barred petition due to a petitioner's misunderstanding of AEDPA's requirements); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").  "Mere excusable neglect is [also] not sufficient."  See Miller, 145 F.3d at 618-19.

Here, Smith does not allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition.  See Lee v. United States, 2005 WL 1949441, at *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, at *1 (D. Del. Nov. 26, 2002)) ("A statute of limitations should only be tolled in rare situations."); United States v. Ramsey, 1999 WL 718079, at *2 (E.D. Pa. Aug. 26, 1999); see also Davis v. Artuz, 2001 WL 199454, at *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition").  Moreover, **even if** he had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable diligence**.  See, e.g., Pace, 125 S. Ct. at 1815; Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  Smith waited multiple years after the period of limitation began running to file his § 2254.  He has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this

case.  See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at

159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774.  Accordingly, since

Smith failed to file his § 2254 petition within the one-year period of limitation, the present

petition is time-barred.[6]  See id. at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts

provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.  In this case, for the foregoing reasons, it

plainly appears that Smith is not entitled to habeas relief.  Therefore, the petition should be

dismissed.

---

6. The Supreme Court has held that district courts may consider, sua sponte, the timeliness of a
state prisoner's habeas petition.  See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); see also
Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("a federal magistrate judge may raise the
AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation"); see, e.g.,
Minner v. Tennis, 2007 WL 2892013 (E.D. Pa. Oct. 2, 2007) (dismissing § 2254 petition as time-
barred and approving and adopting a Report and Recommendation ("R&R") raising the statute of
limitations issue sua sponte); Hernandez v. Folino, 2006 WL 2136084, at *3 n.2 (E.D. Pa. July
27, 2006) (citing Day, 126 S. Ct. at 1684) (same); Camilo v. Klem, 2006 WL 1687186, at *2
(E.D. Pa. June 15, 2006) (same); Cluck v. Shannon, 2006 WL 1648947, at *2 (E.D. Pa. June 8,
2006) (same).  It is further observed that the pre-printed habeas form which petitioner completed
provided clear notice of the one-year period of limitation, see Hab. Pet. at 1-2 ¶ 2, and of course,
as with the cases cited above, this R&R provides petitioner with further notice of the
applicability of the timeliness issue, and he has a reasonable opportunity to oppose the dismissal
of his habeas petition, should he so desire, through the filing of timely objections.  See Pabon v.
Mahoney, 2008 WL 249845, at *4 n.7 (E.D. Pa. Jan. 30, 2008) (dismissing as untimely § 2254
petition pursuant to Rule 4); Cooper v. Pa. Att'y Gen., 2007 WL 2492726, at *2 n.3 (W.D. Pa.
Aug. 30, 2007) (citing circuit court cases) ("To the extent that Petitioner is entitled to notice and
an opportunity to respond to the statute of limitations bar . . ., the [R&R] procedure with its
opportunity to file objections provides such notice and opportunity to be heard."); see, e.g.,
Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. May 25, 2005) (affirming dismissal of
habeas petition as untimely where U.S. Magistrate Judge raised timeliness issue sua sponte in
R&R adopted by the District Judge).

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a COA should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring); Woods v. Kearney, 215 F. Supp.2d 458, 464 (D. Del. 2002).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484; see Woods, 215 F. Supp.2d at 464.  Here, for the reasons set forth above and in light of the aforementioned decisions invoking AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred.  See Slack, 529 U.S. at 484; see, e.g., Woods, 215 F. Supp.2d at 464 (finding that a COA should not issue where the habeas petition was barred by the one-year period of limitation under § 2244(d)(1)).  Accordingly, a COA should not issue.

            My Recommendation follows.

# R E C O M M E N D A T I O N

**AND NOW**, this 9th day of May, 2008, upon consideration of the Petition for Writ of

Habeas Corpus filed pursuant to 28 U.S.C. § 2254, **IT IS RECOMMENDED** that the habeas

petition be **DISMISSED** as time-barred and that a certificate of appealability should not issue.[7]

> /s/ L. Felipe Restrepo
> L. FELIPE RESTREPO
> UNITED STATES MAGISTRATE JUDGE

---

7. Petitioner is advised that he may file objections to this Report and Recommendation. <u>See</u> Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.